IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLONY INSURANCE COMPANY,

Plaintiff,

v.

HENRY PROPERTIES, INC., et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-4600-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 6] and the Defendant Stephanie Plummer's Motion for Oral Argument [Doc. 14]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment [Doc. 6] is GRANTED and the Defendant Stephanie Plummer's Motion for Oral Argument [Doc. 14] is DENIED as moot.

### I.     Background

This case arises out of a tragedy. On August 3, 2019, Ja'Marcus Holloway was shot and killed outside of a Food World store located at 2175 Flat Shoals Road in Atlanta, Georgia ("the Store"). (Compl. ¶¶ 15–17.) In September of 2021, Holloway's wife, the Defendant Stephanie Plummer, filed suit against the Store's operator, the Defendant Henry Properties, Inc. ("Henry Properties") and others. (*Id.* ¶ 14.) This suit asserts negligence and premises liability claims against Henry Properties and its fellow defendants. (*Id.* ¶ 18.)

Henry Properties tendered this suit to its insurer, the Plaintiff Colony Insurance Company ("Colony"), who is defending it under a reservation of rights. (*Id.* ¶¶ 20–21.) Colony insured Henry Properties through Policy No. 101 PKG 0118864-0 ("the Policy") at the time of Holloway's killing. (*Id.* ¶ 8.) Colony filed this action seeking declarations from this Court that the Policy's assault and battery exclusion and weapons exclusion preclude coverage of Plummer's underlying suit (Counts I and II). (*Id.* ¶¶ 22–31.) Colony also seeks recovery for unjust enrichment (Count III). (*Id.* ¶¶ 32–34.) Colony now moves for summary judgment on its declaratory claims.

## II.   Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

In moving for summary judgment, the Plaintiff relies on two exclusions within the Policy that allegedly preclude coverage for Holloway's killing: the Policy's assault and battery exclusion and the weapons exclusion. (Pl.'s Br. in Supp. of Pl.'s Mot. for Summ. J., at 11–19.) The Defendants respond separately but both claim that discovery is needed before the Court rules on the Plaintiff's claims. Henry Properties argues that it must conduct discovery related to the insurance agent here, claiming that either the agent holding himself out as an expert or his potential dual agency preclude summary judgment. (Def. Henry Properties' Br. in Opp'n to Pl.'s Mot. for Summ. J., at 12–13, 15.) Plummer argues that the exclusions are ambiguous and unconscionable, and discovery is required for the Defendants to inquire about the circumstances surrounding the issuance of the Policies. (Def. Plummer's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 8–14.) Plummer also argues that the filing of an amended complaint in the underlying action renders this motion moot, and that the Plaintiff has failed to include all interested parties by failing to include parties joined in the amended complaint. (*Id.* at 4–8.) In reply, the Plaintiff addresses each of the Defendant's arguments and claims that no discovery is needed to resolve the Defendants' "speculative, unfounded claims[.]" (Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Summ. J., at 3.)

While the "general rule" is that a motion for summary judgment should not be granted until the nonmovant has had a sufficient opportunity to conduct

discovery, the Eleventh Circuit has not adopted a "blanket prohibition on the granting of summary judgment motions before discovery[.]" *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). To avoid summary judgment, the nonmovant must "specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quotation marks omitted). Thus, by specifically noting how discovery would support their claims, a nonmovant may avoid summary judgment. Here, however, discovery ended on June 24, 2022. Since the Defendants answered the Complaint, they have provided no evidence that would rebut the Plaintiff's claims. As discovery has now closed without the Defendants providing any new evidence, the Court sees no reason to delay evaluation of the Plaintiff's motion.

The Policy covers two relevant types of liability: bodily injury and property damage liability (Coverage A); and personal and advertising injury liability (Coverage B). (Compl, Ex. 1, at 23–29.)[1] Coverage A requires the Plaintiff to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (*Id.*, Ex. 1, at 23.) Coverage B requires the Plaintiff to pay damages resulting from "personal and advertising injury," which the Policy

_____

[1] The Policy also provides coverage for medical payments (Coverage C), but no Party asserts that this provision is relevant here. Further, Coverage C incorporates all of the exclusions of Coverage A, so the analysis would be identical. (Compl., Ex. 1, at 30.)

defines as injuries arising out of false arrest or imprisonment, malicious prosecution, or other actions that could result in reputational harm or privacy violations. (*Id.*, Ex. 1, at 23, 37.) The Policy also contains exclusions that preclude coverage of certain claims. Two such exclusions are relevant here. First, the Policy contains an assault and battery exclusion, which precludes coverage for bodily injuries and personal and advertising injuries arising out of an assault or battery "caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever." (*Id.*, Ex. 1, at 46.) Under the Policy, "assault" is defined as an attempt to commit battery or:

> [A]n intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact[.]

(*Id.*) Further, the Policy defines "battery" as:

> [A]n intentional or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another.

(*Id.*) The second exclusion is the weapons exclusion, which excludes coverage for injuries that arise "directly or indirectly out of the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person." (*Id.*, Ex. 1, at 55.)

The Plaintiff argues that these two exclusions "separately and independently appl[y] to bar all coverage for the matter, including defense and

indemnity coverage." (Pl.'s Br. in Supp. of Pl.'s Mot. for Summ. J., at 2.) Under

Georgia law, the insurer has the burden of proving an exclusion applies. *See*

*York Ins. Co. v. Williams Seafood of Albany, Inc.*, 223 F.3d 1253, 1255 (11th

Cir. 2000) (citing *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468, 471

(1981)). As the Plaintiff notes, Georgia courts interpret the phrase "arising out

of" quite broadly:

> Notwithstanding tort liability theories, the underlying facts and
> circumstances of the claims asserted determine whether or not a
> policy exclusion applies, because the exclusionary clause is
> focused solely upon the genesis of the underlying plaintiff's
> claims—if those claims arose out of the excluded acts[,] then
> coverage need not be provided. Claims arise out of the excluded
> conduct when "but for" that conduct, there could be no claim
> against the insured.

*Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114 (2012)

(quotation marks and brackets omitted).

Here, it is clear that "but for" the use of a firearm against Holloway, the

Defendants' underlying claims would not exist. It is also clear that the shooting

represented an "intentional or unintentional act" that brought about "harmful

or offensive contact to another." (Compl., Ex. 1, at 46.) Regardless of all of the

specific tort causes of actions raised by Plummer in her various underlying

complaints, all of these claims could not proceed absent Holloway's killing.

Henry Properties argues that without discovery, "the 'but for' cause of the loss

cannot be known as a matter of law." (Def. Henry Properties' Br. in Opp'n to

Pl.'s Mot. for Summ. J., at 14.) However, Henry Properties has provided no

evidence suggesting an alternative but-for cause of the underlying claims, and the case it cites in support is factually and procedurally distinguishable. As a result, the Court finds that the language of the assault and battery exclusion and the weapons exclusion is unambiguous and that the underlying claims fall within those exclusions.

Seeking to avoid summary judgment, the Defendants raise several arguments. Henry Properties suggests that its insurance broker was a dual agent, and that such a relationship precludes summary judgment. (Def. Henry Properties' Br. in Opp'n to Pl.'s Mot. for Summ. J., at 14–15.) Under Georgia law, insurance brokers "are generally considered the agent of the insured, not the insurer." *Eur. Bakers, Ltd. v. Holman*, 177 Ga. App. 172, 173 (1985). Insurance brokers may be considered agents of the insurer under two circumstances: first, "if the plaintiff brings forth evidence that the insurer granted the agent or broker authority to bind coverage on the insurer's behalf[;]" and second, "if an insurer holds out an independent agent as its agent and an insured justifiably relies on such representation." *Popham v. Landmark Am. Ins. Co.*, 340 Ga. App. 603, 606 (2017) (quotation marks omitted). Henry Properties provides no evidence to support its allegations of dual agency, instead suggesting discovery may reveal such a relationship. Under Georgia law, this is insufficient. Without evidence in the record indicating the Plaintiff's grant of authority to bind it or the Plaintiff's holding out of the broker as an agent, Henry Properties' argument fails. Henry Properties also

argues that summary judgment is improper before it determines whether it wants to join its insurance broker as a third-party defendant. (Def. Henry Properties' Br. in Opp'n to Pl.'s Mot. for Summ. J., at 12–13.) However, Henry Properties points to no rule requiring this Court to restrain itself while a party considers such a decision, and the Court will not create one here. Thus, Henry Properties' arguments fail.

Plummer raises several arguments of her own. First, she argues that the Plaintiff failed to include all of the necessary parties in this action by omitting a defendant in the underlying actions. (Def. Plummer's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 4–6.) But this defendant, Sivagiri, Inc., is not a party to the Policy. The Plaintiff argues that Sivagiri, Inc. is not a necessary party here because it has no direct interest in the resolution of this declaratory claim. (Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Summ. J., at 12.) The Court agrees. Because Sivagiri, Inc. is not a party to the Policy and is instead an alleged joint tortfeasor in the underlying complaint, it has no direct interest in the resolution of this insurance dispute. As such, the Plaintiff's failure to join Sivagiri, Inc. will not preclude the Court from issuing a ruling on the Plaintiff's Motion. Second, Plummer argues that the exclusions are substantively and procedurally unconscionable. (Def. Plummer's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 9–14.) Plummer argues that the conscionability of the Policy is "call[ed] into question" because Henry Properties' owners do not speak English. (*Id.,* at 10.) However, Plummer misunderstands the relative burden here. In

Georgia, where a bargained-for contract exists, "it is the complaining party that bears the burden of proving that it was essentially defrauded in entering the agreement." *Innovative Images, LLC v. Summerville*, 309 Ga. 675, 685 (2020). In Georgia:

> [P]arties to a contract are presumed to have read their provisions and to have understood the contents. One who can read, must read, for he is bound by his contracts. While a legal excuse, such as fraud, may be shown for failing to read, the fraud must prevent the party from reading the contract.

*Wright v. Safari Club Int'l, Inc.*, 322 Ga. App. 486, 493 (2013) (quotation marks and citation omitted). Plummer has presented no evidence that something other than the owners' inability to fluently read English rendered the Policy procedurally unconscionable. As a result, Plummer's procedural unconscionability argument against the weapons exclusion fails.

Plummer also argues that the assault and battery exclusion is substantively unconscionable. (Def. Plummer's Br. in Opp'n to Pl.'s Mot. for Summ. J., at 12–14.) She argues that because the exclusion defines assault and battery as inclusive of all intentional and unintentional acts, the exclusion "negates all coverage under the Policy" and is commercially unreasonable. (*Id.*) However, this argument relies on a misreading of the exclusion. The Policy defines "assault" as "an intentional or unintentional act" that "creat[es] an apprehension in another of immediate harmful or offensive contact." (Compl., Ex. 1, at 46.) "Battery" is defined as "an intentional or unintentional act . . which brings about harmful or offensive contact to another[.]" (*Id.*) These

9

subsequent clauses limit the definitions of "assault" and "battery" and render them commercially reasonable and conscionable.

Because the assault and battery exclusion and the weapons exclusion unambiguously preclude coverage of Plummer's claims in the underlying action, and all of the Defendants' legal arguments fail, there is no genuine issue of material fact that the Plaintiff is entitled to its requested declarations. The Court grants the Plaintiff summary judgment on Count I and Count II.

## IV.   Conclusion

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment [Doc. 6] is GRANTED as to Counts I and II of the Plaintiff's Complaint. Because the Motion was decided without the need for oral argument, the Defendant Stephanie Plummer's Motion for Oral Argument [Doc. 14] is DENIED as moot. The Plaintiff's unjust enrichment claim (Count III) remains before the Court.

SO ORDERED, this ___11th___ day of July, 2022.

_____

THOMAS W. THRASH, JR.
United States District Judge